**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:10-CV-81634-RLR**

UNITED STATES OF AMERICA, *ex rel.* TIFFANY
BUMBURY, *et al*.,

      Plaintiffs,

v.

MED-CARE DIABETIC & MEDICAL SUPPLIES, INC.,
*et al*.,

      Defendants.
_____/

**ORDER AFFIRMING MAGISTRATE'S ORDER GRANTING**
**MOTION TO DISQUALIFY AND REFERRING MOTION FOR SANCTIONS**

**THIS CAUSE** is before the Court upon Defendants' Limited Objection to March 9, 2015 Order Disqualifying Nicholson & Eastin LLP [DE 185] and Relators' Objections to Order Granting Defendants' Motion to Disqualify Counsel [DE 187]. The Court has reviewed Judge Hopkins' Order Granting Defendants' Motion to Disqualify Counsel [DE 183], the parties' objections, the responses to the objections, and the record in this case.

The standard of review applicable to Judge Hopkins' order is that the order cannot be modified or vacated unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A factual finding is clearly erroneous only if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). Moreover, "where there are

1

two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Jemison v. Nagle*, 158 F. App'x 251, 253 (11th Cir. 2005).

A Magistrate Judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 13-cv-1195, 2013 U.S. Dist. LEXIS 135826, at *3-4 (M.D. Fla. Sept. 23, 2013) (internal citations omitted).  However, where the Magistrate Judge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused. *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012).

Upon review, the Court finds Judge Hopkins' recommendations to be well reasoned and correct.  The Court finds that Judge Hopkins' factual findings are not clearly erroneous.  By contrast, Judge Hopkins' factual findings are thoughtfully and carefully based upon extensive evidence that was submitted at a two-day evidentiary hearing.  Similarly, Judge Hopkins' legal conclusions are supported by law and were based upon extensive briefing by the parties in this case.  After a thorough review, the Court finds that not only are Judge Hopkins' conclusions not clearly erroneous, but his conclusions are substantively correct.  The Court therefore finds that Relators' Objections [DE 187] are denied and Judge Hopkins' Order of Disqualification [DE 183] is affirmed.

With respect to Defendants' objections on the issue of sanctions, the Court finds that this issue was not properly raised before Judge Hopkins.  The Court therefore treats Defendants' objections as a motion for sanctions, and the Court refers that matter for appropriate disposition to Judge Hopkins.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Hopkins' Order Granting Defendants' Motion to Disqualify Counsel [DE 183]  is **AFFIRMED**;

2. Relators' Objections to Order Granting Defendants' Motion to Disqualify Counsel [DE 187] is **DENIED**;

3. Defendants' Limited Objection to March 9, 2015 Order Disqualifying Nicholson & Eastin LLP [DE 185] is treated as a motion for sanctions and is **REFERRED** for appropriate disposition to Judge Hopkins; and

4. The deadline for Relators to either obtain new counsel or file a notice of their intent to proceed pro se is five (5) days from the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of April, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record